IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>  vs.<br><br>ADVANCED SURGICAL CARE, LLC; ADVANCED SURGICAL CARE GI DIAGNOSTICS, LLC, AND; ESTATE OF MARINUS KONING, BY AND THROUGH ITS AFFIANT PATRICIA O. O'NEILL,<br><br>     Defendants. | **OPINION & ORDER**<br><br>Civ. No. 6:25-cv-00485-AA |

AIKEN, District Judge:

  Before the Court, in this diversity action, is Plaintiff Farmers New World Life Insurance Company's ("FNWL") Motion for Discharge, ECF No. 31, from further liability in its Interpleader Action against Defendants Advanced Surgical Care, LLC ("ASC"); Advanced Surgical Care GI ("ASC GI"); and the Estate of Marinus Koning, by and through its Affiant Patricia O. O'Neill, ("Estate"). For the reasons explained below, Plaintiff's Motion for Discharge, ECF No. 31, is GRANTED.

## BACKGROUND

  Decedent Marinus Koning was insured under FNWL life insurance policies numbers 007123838 and 007123839 ("the Policies"). Mot. ¶ 2. Decedent died on

Page 1 – OPINION AND ORDER

January 7, 2023. *Id.* ¶ 7. The Policies' death benefits then became due and payable to the beneficiary or beneficiaries. *Id.* Defendants ASCI and ASC GI were listed as primary beneficiaries on the Policies. *Id.* ¶¶ 4, 5. Defendant Patricia O. O'Neill also submitted a claim to the Policies' death benefit on behalf of the Estate. *Id.* ¶ 9.

On March 21, 2025, Plaintiff filed an Interpleader Complaint against Defendants to seek relief from competing claims to benefits due under the Policies. *Id.* ¶ 2. All Defendants have appeared in this action and have waived service. *Id.* ¶ 10.

On May 29, 2025, Plaintiff deposited the death benefits due and payable under the Policies in the sum of $1,003,526.20 with the Clerk of Court. *See* ECF No. 17. "The Sum represents the death benefits, plus interest as required by law, payable pursuant to the Policies." Mot. ¶ 11. In its discharge motion, Plaintiff requested $7,315 for "attorneys' fees incurred in this matter[,]" to be withdrawn from the sum deposited with the Clerk of Court. *Id.* ¶ 12.

Defendants did not file a Response to Plaintiff's discharge motion. In its one paragraph Reply, Plaintiff stated that "[s]ince the filing of the Motion, FNWL's total attorneys' fees and costs have increased to $10,932.47, which is roughly 1% of the total interpleaded funds." Reply at 1, ECF No. 33.

## DISCUSSION

I.  *Discharge of Interpleader Action*

Plaintiff FNWL moves to be dismissed with prejudice from this action, to be discharged from all further liability under the Policies, and to enjoin Defendants and

Page 2 – OPINION AND ORDER

others acting on their behalf from bringing any action against FNWL related to the Policies' death benefits. Mot. at 4.

Under Federal Rule of Civil Procedure 22, the interpleader rule, "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22. And under 28 U.S.C. § 2361, in "any civil action of interpleader" a district court "may discharge the plaintiff from further liability" and enjoin the parties from instituting further actions related to the stake. 28 U.S.C. § 2361. "[F]ederal interpleader contemplates that the stakeholder may be discharged from the litigation once the fund is deposited with the court, leaving the adverse claimants to litigate their dispute between themselves." *Walker v. Pritzker*, 705 F.2d 942, 944 (7th Cir. 1983). "If an interpleading plaintiff has no interest in the stake he should be dismissed." *Sun Life Assur. Co. of Canada v. Chan's Est.,* No. C-03-2205 SC, 2003 WL 22227881, at *2 (N.D. Cal. Sept. 22, 2003).

Here, Plaintiff deposited the death benefits due and payable under the Policies in the sum of $1,003,526.20 with the Clerk of Court. *See* ECF No. 17. Plaintiff no longer has a stake in those funds. Defendants do not contest that Plaintiff now has no claim to the insurance award that has been deposited with the Clerk of Court and is the subject of this action. For this reason, the Court grants Plaintiff's Motion for Discharge.

II.   *Attorneys' Fees*

Plaintiff FNWL requests an award of attorneys' fees to be withdrawn from the funds deposited with the Clerk of Court.

Page 3 – OPINION AND ORDER

"The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." *Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000). In the Ninth Circuit, recoverable fees are "typically modest" and appropriately limited to such actions as "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Id.* at 426–27.

"Courts outside of the Ninth Circuit have denied attorneys' fees where the stakeholder is an insurance company because competing claims are part of the ordinary course of business for an insurance company and an interpleader action should not be utilized to transfer these ordinary business expenses to the claimants." *Allianz Life Ins. v. Agorio*, 852 F. Supp. 2d 1163, 1168 (N.D. Cal. 2012) (citing *Aetna U.S. Healthcare v. Higgs*, 962 F. Supp. 1412, 1414–15 (D. Kan. 1997) and *Sun Life Assurance Co. of Canada v. Thomas*, 735 F. Supp. 730, 733 (W.D. Mich. 1990)).

"The rationale for permitting the recovery of fees is that it would be inequitable to make the disinterested stakeholder bear the expense of guarding against vexatious and multiple litigation and the interpleader action benefits the claimants by facilitating an early determination regarding ownership of the claimed funds." *Agorio*, 852 F. Supp. 2d 1163, 1168 (N.D. Cal. 2012) (citing *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 190 (9th Cir. 1962)). "On the other hand, 'there is an important policy interest in seeing that the fee award does not

deplete the fund at the expense of the party who is ultimately deemed entitled to it.'" *Id.* (quoting *Tise*, 234 F.3d at 427).

"The burden of establishing entitlement to an attorneys' fees award lies solely with the claimant." *Tise*, 234 F.3d at 427 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Plaintiff's counsel "is not required to record in great detail how each minute of his time was expended" but at least "should identify the general subject matter of his time expenditures." *Id.* "Where the documentation is inadequate, the district court is free to reduce an applicant's fee award accordingly." *Id.* (quoting *Hensley*, 461 U.S. at 433).

In *Tice*, which was decided in 2000, the Ninth Circuit affirmed the lower court award of $3,000 in attorneys' fees to plaintiff interpleader, noting that it was "in line with those commonly granted to interpleader plaintiffs." *Id.* at 428 (collecting cases).

Here, in its discharge motion, Plaintiff requested attorneys' fees of $7,315, to be withdrawn from the deposited funds. Mot. at 4. Plaintiff failed to provide documentation or explanation for the amount requested. Defendants filed no Response to the Motion. Three weeks later, in its one paragraph Reply, Plaintiff increased its request for attorney fees by 50% to a total of $10,932.47, again without documentation or explanation. Reply at 1.

Given the lack of documentation, the unexplained increase in the amount requested, and the typically modest awards granted to disinterested interpleader plaintiffs in this circuit, the Court awards attorneys' fees of $7,315, the amount Plaintiff requested in its Motion for Discharge.

Page 5 – OPINION AND ORDER

## CONCLUSION

For the reasons explained, the Court GRANTS Plaintiffs Motion for Discharge, ECF No. 31. Plaintiff FNWL is DISMISSED with prejudice from this action.

1. Plaintiff FNWL is hereby discharged with prejudice from any and all liability to Advanced Surgical Care, LLC, Advanced Surgical Care GI Diagnostics, LLC, and the Estate of Marinus Koning, and to any other person, firm, estate, corporation, or entity on account of or in any way related to the FNWL life insurance policies numbers 007123838 and 007123839 insuring the life of Marinus Koning and/or related to the handling or processing of any claims made under FNWL life insurance policies numbers 007123838 and 007123839 insuring the life of Marinus Koning.

2. Advanced Surgical Care, LLC, Advanced Surgical Care GI Diagnostics, LLC, and the Estate of Marinus Koning, and each of their respective attorneys, representatives, successors, assigns, and heirs are hereby permanently enjoined from instituting or prosecuting against FNWL any proceeding in any state or United States Court or administrative tribunal relating to FNWL life insurance policies numbers 007123838 and 007123839 insuring the life of Marinus Koning and/or related to the handling or processing of any claims made under FNWL life insurance policies numbers 007123838 and 007123839 insuring the life of Marinus Koning.

3. Funds were previously deposited with the Court pursuant to the Court's Order of April 7, 2025. (Doc. 13). These funds were deposited into the interest-bearing Disputed Ownership Fund ("DOF") within the Court Registry Investment System ("CRIS") administered by the Administrative Office of the United States Court pursuant to 28 U.S.C. § 2045.

4. In accordance with this Order, $7,315 of the funds previously deposited with the Clerk of Court shall be withdrawn and disbursed as follows:

    **a. DOF Fees:** Pursuant to Standing Order No. 2016-11, a DOF fee for the management of investments and tax administration has been previously deducted from the interest earned on the funds deposited with the Court.

    b. **Payment:** The funds shall be disbursed as follows:
    Payee: Bressler, Amery & Ross, P.C., Attorney Trust Account
    Amount: $7,315
    Interest: None

Page 6 – OPINION AND ORDER

Payment shall be processed via electronic funds transfer to the account provided on the AO-213P form. The Clerk of Court, through the Financial Administrator, has approved the form of this order pursuant to Local Rule 67-3(b). The Clerk of Court is absolved of any liability by compliance with this Order. It shall be counsel's responsibility to confirm that any action required of the Clerk of Court or her designee by this Order has been performed.

It is so ORDERED and DATED this __23rd__ day of January 2026.


      /s/Ann Aiken
      ANN AIKEN
      United States District Judge

Page 7 – OPINION AND ORDER